# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CRIMINAL ACTION NO. 1:10-cr-12

TROY GRAVES,

        Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. Pursuant to a Standing Order entered on October 7, 2011, this case was designated for Standard consideration. (Document 59).

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, addendum to the PSR from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Defendant's original PSR attributed to him 185.62 grams of cocaine base. His original offense and relevant conduct resulted in a base offense level of thirty-two (32). Defendant received

a two-level enhancement for possessing a dangerous weapon and a three-level reduction for acceptance of responsibility. No other enhancements or reductions were applied. With a total offense level of thirty-one (31) and a criminal history category of I, Defendant's original guideline range was one hundred eight to one hundred thirty-five (108 to 135) months. The sentencing court determined that the Guidelines' imposition of a disparity between crack cocaine and powder cocaine was unjust and, instead, applied a 20 to 1 ratio. As a result, the Defendant's base offense level was reduced to thirty (30). Given the two-level increase for possession of a weapon and a three-level reduction for acceptance of responsibility, his total offense level was reduced to twenty-nine (29). Defendant's advisory guideline range became eighty-seven to one hundred eight (87 to 108) months. The Court varied downward to impose a term of seventy-two (72) months of imprisonment. (Document 54).

During his period of incarceration, the Court notes that Defendant has had no disciplinary incidents. He has completed the inmate financial responsibility program, the 40-hour drug education program and complied with the DNA collection requirement. Prior to his conviction for the instant offense, Defendant had a misdemeanor conviction for possession of less than fifteen grams of marijuana and domestic assault. The Court has considered the Defendant's history and characteristics, including his extensive work history and substance abuse illness. By their written and filed responses, neither Defendant nor the United States objects to the reduction ordered herein. (Documents 60-61).

Based on the foregoing considerations, the Court finds that Defendant is eligible for a sentence reduction. The Court **ORDERS**, as a result of Amendment 750, that Defendant's base offense level is twenty-eight (28). Upon application of the enhancement and reduction described above, Defendant's total offense level is twenty-seven (27). Given this total offense level and his

criminal history category of I, Defendant's advisory guideline range becomes seventy to eighty-seven (70-87) months. The Court further **ORDERS** that Defendant's previous sentence be reduced to a period of seventy (70) months, with credit for time served to date. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under [Section 1B1.10(b)(1)].) This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: March 29, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA